**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

WENDY RUPE TRUST,
JOHN FOX, and,
JOYCE FOX

               Plaintiffs,

v.                                         CIVIL ACTION NO.  2:09-cv-01435

CABOT OIL & GAS CORPORATION,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint [Docket 4] and Plaintiffs' Motion to Amend Complaint [Docket 9].  For the reasons stated below, Plaintiffs' motion to amend is **GRANTED** and Defendant's motion to dismiss is **DENIED.**

*I.  BACKGROUND*

This action arises out of a dispute between John and Joyce Fox, the sole trustees of the Wendy Rupe Trust (collectively "Plaintiffs"), and the Cabot Oil & Gas Corporation ("Defendant"). According to the facts as alleged in both the original and amended complaints, on March 11, 2004, Plaintiffs leased 171.63 acres of property to Defendant to drill for oil and gas.  On July 27, 2005, Defendant notified Plaintiffs that they would receive a 1/8 royalty in the Fox #1 well, located on the leased property.  On August 15, 2005, Plaintiffs extended the lease with Defendant for an additional three months. Five days later, on August 20, 2005, Defendant offered Plaintiffs $10,000 for their permission to construct a "a 6,750 feet right-of-way across [the] Foxes['] property" so that

Defendant could "place a well site named Ramco 60-02, twenty (20) feet across the Fox property line." (Docket 9 at 3.)  Plaintiffs refused this offer.

On August 24, 2005, Defendant reportedly told Plaintiffs that, if they continued to refuse permission to build the right-of-way, Defendant  would "pool" or combine the Fox # 1 well with a well in Chief Logan State Park, causing Plaintiffs to lose a portion of their royalties from the Fox # 1 well.  When Plaintiffs still refused to grant permission for the right-of-way, Defendant did in fact pool the Fox #1 well and later reduced Plaintiffs' 1/8 royalty in the well to a 1/16 royalty.  Finally, on approximately April 18, 2007, without Plaintiffs' permission, Defendant "constructed a right of way and built a road approximately 1, 350 feet and 25 feet wide through and across the Fox property to a drilled well, Ramco 60-02." (Docket 9 at 4). Plaintiffs discovered the right-of-way on their property in September of 2008.

On November 9, 2009, Plaintiffs filed their original complaint in this matter, alleging three causes of action: trespass, compensation of surface owners for drilling operations, and retaliation. (Docket 1; Docket 1-2).  On December 15, 2009, Defendant removed to this Court. (Docket 1).  Six days later, Defendant filed the instant motion to dismiss all three counts of Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket 4).  Plaintiffs responded with both a memorandum in opposition to the dismissal and a motion to amend their complaint. (Docket 8; Docket 9).  Plaintiffs agree that the retaliation count should be dismissed and propose amending their complaint with an additional count of intentional infliction of emotional distress. (Docket 8; Docket 9).  Defendant opposes Plaintiffs' motion to amend and argues that all three counts of the amended complaint are defective under Fed. R. Civ. P. 12(b)(6). (Docket 11).

## II. DISCUSSION

A. *Plaintiffs' Motion to Amend*

Plaintiffs' motion to amend proposes that "the Count of Retaliation be substituted for a Count of Intentional Infliction of Emotion Distress" and "adds the additional allegation of when Plaintiffs first discovered conduct and damages perpetrated by Cabot" as well as "defines more specifically the damages allegedly caused by Cabot." (Docket 8 at 3, 4).  Defendant essentially argues that the amendment to include a count of intentional infliction of emotional distress should be denied as futile. (Docket 11 at 11).

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  The Fourth Circuit has interpreted Rule 15(a) to mean that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *See Sciolino v. Newport News, Va.*, 480 F.3d 642, 651 (4th Cir. 2007) (quoting *Johnston v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)).  A proposed amendment to a complaint may be denied as futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6).  *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007). The decision to grant leave to amend a pleading is within the sound discretion of the district court, but that discretion is limited by the general policy of favoring the resolution of cases on the merits.  *See Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

3

Defendant offers two reasons that the amended  count of intentional infliction of emotional distress should be denied as futile.  First, Defendant argues that the proposed count of intentional infliction of emotional distress fails to state a claim because "as a general rule, parties may not recover for emotional pain and suffering, embarrassment, anguish, and depression resulting from real property." (Docket 11 at 11).  While the Court agrees that such recovery is generally not available in West Virginia as an element of damages for torts to real property, *Jarrett v. E.L. Harper & Sons, Inc.*, 235 S.E. 2d 362, 365 (W.Va. 1977), the tort of intentional infliction of emotional distress is "recognized in West Virginia as a separate cause of action." *Travis v. Alcon Laboratories*, 504 S.E.2d 419, 424 (W.Va. 1998).  As Plaintiffs have couched the proposed count in terms of the separate tort of intentional infliction of emotional distress, Defendant's argument regarding the propriety of certain damages for torts to real property is unavailing.

Second, Defendant argues that Plaintiffs have failed to state a claim because the proposed count "does not assert the elements" of the tort of intentional infliction of emotional distress and, in the alternative, that the claim is barred by the statute of limitations (Docket 11 at 11). As addressed more fully below, the Court finds that the language of the proposed count tracks the elements of the cause of action under West Virginia law (Docket 9 at 6-8), and the amended complaint alleges facts that support at least a "reasonable inference that the defendant is liable for the misconduct alleged." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting  *Ashcroft v. Iqbal*, __ U.S.___, 129 S.Ct. 1937, 1949 (2009)). Further, as discussed below, the Court is unable to conclude that this claim is barred by the statute of limitations based solely on the allegations in the amended complaint.  *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464-66 (4th Cir. 2007).

4

As there is no apparent prejudice to Defendant, no allegations of bad faith, and the proposed amendment does not appear to be futile, the Court **GRANTS** Plaintiffs' Motion to Amend Complaint [Docket 9].

B. *Defendant's Motion to Dismiss*

(1) *Effect of Amended Complaint*

An amended complaint generally  "supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir.2001).  As such, a motion challenging a superseded complaint would ordinarily be dismissed as moot. *See O'Boyle v. Superior Moving and Storage*, *Inc.*,  No. 5:09-cv-00166, 2009 WL 2496933, at * 2 (S.D.W.Va. 2009).  However, the Court will  consider a pending motion to dismiss a superseded complaint where "the challenged portions of  the original Complaint are reproduced in the Amended Complaint" in order to avoid "exalt[ing] form over substance." *Id*. (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (2d ed. 1990)).

Here, Counts I and II of the original complaint are substantially similar to Counts I and II of the amended complaint; moreover, in its reply brief, Defendant maintained that all three counts of the amended complaint were subject to dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6) (Docket 11).  As such, in the interest of judicial economy, the Court will consider Defendant's motion to dismiss as to Counts I, II, and III of the amended complaint.

(2) *Applicable Standard*

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).   The rule requires the plaintiff to allege sufficient facts, which, if

5

proven, would entitle him to relief under a cognizable legal claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-556 (2007).   A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint; the factual allegations must be taken as true and construed in the light most favorable to the non-moving party. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).   Consequently, a motion to dismiss should be granted only if the plaintiff fails to allege enough facts to state a cognizable legal claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level," and if a plaintiff does not "nudge" his claim "across the line from conceivable to plausible," then the complaint should be dismissed. *Twombly*, 550 U.S. at 555, 570.

(3) *Count I: Trespass*

In the first count of the amended complaint, Plaintiffs seek relief for the alleged trespass to land committed by Defendant. (Docket 9).  The parties agree that West Virginia's two-year statute of limitations applies to the count of trespass. *See* W.Va. Code § 55-2-12; (Docket 8; Docket 11). Defendant argues that the face of the complaint shows that the Plaintiffs "did not file their Complaint in this matter until . . . at least two and one-half years after the wrongful conduct allegedly occurred." (Docket 5).  Plaintiffs maintain that they are within the statute pursuant to West Virginia's discovery rule and, in the case of the trespass count, the continuing tort doctrine. (Docket 8).

In deciding a motion to dismiss based on the statute of limitations, the Court should only grant the motion if it clearly appears on the face of the complaint that the plaintiff's claims are time-barred. *Goodman*, 494 F.3d at 464.  In *Goodman*, the Fourth Circuit stated:

> Ordinarily, a defense based on the statute of limitations must be raised by the
> defendant through an affirmative defense . . . and the burden of establishing the

6

affirmative defense rests on the defendant.  It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). *This principle only applies, however, if all facts necessary to the affirmative defense* "*clearly appear[] on the face of the complaint.*"

*Id.* (emphasis added) (citations omitted).

Given this principle, the issue here is whether Plaintiffs have alleged facts in their amended complaint that conclusively show that their claim is subject to the two-year statutory bar. The Court rejects Defendant's position that Plaintiffs' claim is barred on its face.  Although Plaintiffs did allege that the trespass began in April of 2007, over two years before the filing of the complaint in November of 2009, Plaintiffs also allege that the trespass was not discovered until September of 2008 and continued through December of 2009, dates within the limitations period. Moreover, the Court notes that, although Plaintiffs have amended their complaint to allege facts that may warrant application of the discovery rule or the continuing tort doctrine,  they are not required to rebut the affirmative defense of the statute of limitations in their complaint.  *See Goodman*, 494 F.3d at 465-466 ("[w]hile [plaintiff] might ultimately have to *prove* when he discovered a breach, he was not obligated to plead discovery of the breach in his complaint. . . ."). These arguments are better reserved for summary judgment. *Richmond, F. & P. R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (holding that because the asserted statute of limitations defense does not appear on the face of the third-party complaint, "it is inappropriate to address it in the current posture of the case[]" and noting that this defense is "more properly reserved for consideration on a motion for summary judgment.").

7

Construing all factual allegations in favor of Plaintiffs, *Randall*, 30 F.3d at 522, the Court cannot say that Plaintiffs' claims are barred as a matter of law. *See Goodman*, 494 F.3d at 464. Accordingly, Defendant's Motion to Dismiss [Docket 4] is **DENIED** as to Count One of the amended complaint.

(3) *Count II*: *Compensation of Surface Owners for Drilling Operations*

In the second count of the amended complaint, Plaintiffs allege that they are entitled to damages pursuant to the Oil and Gas Production Damage Compensation Act ("Compensation Act"), W. Va. Code § 22-7-1 *et seq.* Defendant again asserts the two-year statute of limitations as a bar to this claim, W.Va. Code § 55-2-12, and Plaintiffs again respond with arguments that the statute was tolled, in this case by the notice of reclamation provision contained in W.Va. Code § 22-7-5 ("[a]ny surface owner, to receive compensation under section three of this article, shall notify the oil and gas developer of the damages sustained by the person within two years after the date that the oil and gas developer files notice that reclamation is commencing under section thirty, article six of this chapter."). Defendant responds that the provisions of the Compensation Act are inapplicable in that "Plaintiffs are alleging Cabot did not have the right to be on their property or construct a road across their property, not a claim for surface damages for properties on which wells are drilled." (Docket 11 at 9).

In order for a plaintiff to have a private cause of action pursuant to the Compensation Act, he must first "be a member of the class for whose benefit the statute was enacted. . . ." *CSX Transportation Inc. v. PKV Limited Partnership*, 906 F. Supp. 339, 343 (S.D. W.Va. 1995). Under the Compensation Act, this class is "narrowly qualified" and consists only of "surface owners of

8

lands on which oil and gas wells are drilled. . . ." *Id.* at 344 (quoting W.Va. Code § 22-7-1(d)). "[A]djacent landowners . . . [are] *not* a described beneficiary of the statute." *Id.* (emphasis added).

The Court agrees with Defendant in that, if Plaintiffs were only seeking relief as "adjacent landowner[s]" and not as surface owners of lands on which oil and gas wells are actually drilled, then they would not be entitled to bring a claim under the Compensation Act. *Id.*; *see also* W.Va. Code § 22-7-1(d). However, it appears that Plaintiffs have also alleged grievances stemming from Defendant's "drilling operations on the land owned by Plaintiffs" pursuant to the parties' lease agreement. (Docket 9 at 4). In the language of the count itself, Plaintiffs allege that they incurred damages when Defendant "engaged in drilling, repairing, and otherwise maintaining gas wells . . . granted to Defendant in the lease. . . ." (Docket 9 at 6, 7). Insofar as this count contains language alleging that Plaintiffs are seeking damages in this action as "surface owners of lands on which oil and gas wells are *drilled*," the Compensation Act is applicable to their claim. W.Va. Code § 22-7-1(d) (emphasis added).

In reference to Defendant's statute of limitations argument, the Court again notes that it would be inappropriate to resolve the application of this defense at this stage unless "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Goodman*, 494 F.3d at 464. From the bare allegations of the amended complaint, the Court is unable to conclude that Plaintiffs' claim is time-barred.[1] The arguments pertaining to the tolling of the applicable statute of limitations through the reclamation provision of the Compensation Act are better reserved

---

[1] The Court notes that the discovery rule analysis *supra* may well apply to Count Two, but such application cannot be discerned from the face of the complaint.

9

for later proceedings. *See Richmond, F. & P. R.R. Co.* 4 F.3d at 250.   Consequently, Defendant's Motion to Dismiss [Docket 4] is **DENIED** as to Count Two of the amended complaint.

(4) *Count III: Intentional Infliction of Emotional Distress*

In the final count of the amended complaint, Plaintiffs seek relief from Defendant for the tort of intentional infliction of emotional distress. In response, Defendant argues that this count fails to contain the requisite elements for this cause of action and, in the alternative, that it is barred by the statute of limitations. The parties agree that West Virginia's two-year statute of limitations also applies to this count. W.Va. Code § 55-2-12; (Docket 8; Docket 11).

The Court notes at the outset that the language of the amended complaint tracks the four elements of West Virginia's tort of intentional infliction of emotional distress. In order for a plaintiff to prevail in a claim for this tort in West Virginia, the following elements must be established:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. pt. 3, *Travis v. Alcon Laboratories*, 504 S.E.2d 419 (1998).   In the amended count, Plaintiffs first allege that Defendant's conduct in constructing the right-of-way over Plaintiffs' objection was "atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency." (Docket 9 at 7).   Plaintiffs next allege that Defendant "acted with the intent to inflict emotional distress, or . . . acted recklessly when it was certain or substantially certain emotional distress would result" upon Plaintiffs' discovery of the right-of-way. (Docket 9 at 7). Next, Plaintiffs detailed the physical aftereffects of the alleged emotional distress, noting that Mr. Fox has been hospitalized several times for depression since he discovered the right-of-way. Plaintiffs concluded by alleging that the

10

emotional distress caused by Defendant's actions was "so severe that no reasonable person could be expected to endure it." (Docket 9 at 8).

Although the language of Count Three contains the elements of the cause of action, it is not merely a "formulaic recitation of the elements" of the tort of intentional infliction of emotional distress. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). As noted above, Plaintiffs have paired each element of the claim with an alleged fact that, when accepted as true, "nudge[s]" Plaintiffs' claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. As such, the Court finds that Plaintiffs have alleged enough facts to state a cognizable legal claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 556).

Defendant also argues that this count should be dismissed because it is barred by the statute of limitations. Once again, however, the Court notes that it may not grant a motion to dismiss on statute of limitations grounds unless a plaintiff has alleged facts on the face of his complaint that would show his claim to be time-barred. *Goodman*, 494 F.3d at 464. Here, as in Counts One and Two, Plaintiffs have alleged no such fatal facts on the face of their amended complaint.

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss [Docket 4] as to Count Three of the amended complaint.

*III.  CONCLUSION*

For the reasons explained above, Plaintiffs' Motion to Amend Complaint [Docket 9] is

**GRANTED** and  Defendant's Motion to Dismiss Plaintiff's Complaint [Docket 4] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:        September 30, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE